**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK LEAR,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MICHELLE LEFTLER, et al.,<br><br>　　　　　　Defendants. | Case No. 1:13-cv-00882-AWI-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS (1) FOR SERVICE OF COGNIZABLE CLAIMS IN SECOND AMENDED COMPLAINT AGAINST DEFENDANTS LEFTLER, DESOUSA AND AGUAYO, and (2) DISMISSING ALL OTHER DEFENDANTS**<br><br>**(ECF No. 22)**<br><br>**OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed a Second Amended Complaint rather than proceed on the First Amended Complaint's cognizable excessive force claim against Defendants Leftler, DeSousa and Aguayo.

The Second Amended Complaint is now before the Court for screening.

**I.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon

1

which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.    PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.* at 667-68.

### III. PLAINTIFF'S ALLEGATIONS

While incarcerated at the Substance Abuse and Treatment Facility at Corcoran, California ("CSATF"), Plaintiff got into a disagreement about yard privileges with Defendant correctional officer Leftler and was ordered to submit to cuffs. Plaintiff has a left shoulder deformity that prevents placing his left arm in the small of his back. He told Leftler this and that he had a chrono for waist-chains.

Leftler unsuccessfully attempted to restrain Plaintiff with single cuffs behind the back. Defendant correctional officers Desousa and Aguayo joined in, yanking and pulling Plaintiff's left arm in order to apply single cuffs. Plaintiff repeatedly told them he was physically unable to place his left arm behind his back, but would submit to other restraint. Aguayo took Plaintiff down and he and Desousa held Plaintiff on the ground while Leftler struck Plaintiff on the left elbow with a baton, pushed Plaintiff's face into the dirt, and kneed Plaintiff in the head. Plaintiff submitted to double cuffs.

Defendant Correctional Sergeant Solorio arrived after the take down, observed Leftler push Plaintiff's face into the dirt and knee him in the head. Solorio did not intervene.

After the incident a non-party correctional officer gave Plaintiff a disciplinary document that had been falsified to show Plaintiff lacked yard privileges at the time of the incident.

Defendants caused Plaintiff physical and emotional harm for which he seeks monetary damages, a declaration his rights were violated, and an injunction that Defendants not destroy a videotape of the incident.

### IV. DISCUSSION

#### A. Excessive Force

Plaintiff's excessive force claim against Defendants Leftler, Desousa and Aguayo is sufficient for the reasons stated in the prior screening order. (See ECF No. 19.) That analysis will not be repeated here.

3

**B.      Indifference to Medical Condition**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006), quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This requires Plaintiff to show (1) "a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096, quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992).

Plaintiff does not allege facts demonstrating Defendants were indifferent to his shoulder deformity. Plaintiff does not specify what is wrong with his shoulder or the nature and extent of any risk of harm arising from use of behind the back cuffs. Plaintiff has not shown that improper restraint created a risk of significant injury or unnecessary and wanton infliction of pain. See *McGuckin*, 947 F.2d at 1059-60. ("[T]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a serious need for medical treatment.").

Even if Plaintiff had shown a serious medical need, Defendants were not knowingly indifferent to it. The facts do not demonstrate that Defendants had seen or were independently aware of Plaintiff's chrono. Defendants were not required to believe Plaintiff's claim he had a chrono. See *Goetsch v. Ley*, 444 Fed.Appx. 85, 88-89 (7th Cir. 2011), citing *Knight v. Wiseman*, 590 F.3d 458, 466 (7th Cir. 2009) (prison officials are not required to believe everything inmates tell them). Especially as the cuffing incident arose from Plaintiff's actions arguing with the correctional officer. Accordingly, the allegations do not demonstrate Defendants knowingly disregarded a serious risk to Plaintiff's health when they attempted to single cuff him behind the back. See *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

4

The claim fails.

**C.     Failure to Protect**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials must provide prisoners with personal safety. See *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995).

In order to state a claim for a violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. *Farmer*, 511 U.S. at 847.

Where failure to protect is alleged, the defendant must knowingly fail to protect plaintiff from a serious risk where defendant had reasonable opportunity to intervene. *Orwat v. Maloney*, 360 F.Supp.2d 146, 155 (D. Mass. 2005), citing *Gaudreault v. Municipality of Salem*, 923 F.2d 203, 207 n.3 (1st Cir. 1991).

Plaintiff maintains that Defendant Sergeant Solorio, who arrived after Plaintiff had been taken to the ground, observed Leftler push Plaintiff's face into the dirt and knee him in the head. This allegedly occurred when Plaintiff, restrained by Leftler, attempted to turn his head and address Solorio. These allegations do not show force of a nature and degree sufficient to create a substantial risk of serious harm.

Even if Leftler's actions created a substantial risk of harm, the facts do not demonstrate that Solorio had an opportunity to prevent the application of force. Nothing suggests Solorio had prior knowledge Leftler was going to apply this force and that Solorio could have intervened prior to its application.

The failure to protect claim fails.

**D.     False Disciplinary Report**

A prisoner does not have an independent (due process) right to an accurate prison record, *Hernandez v. Johnston,* 833 F.2d 1316, 1319 (9th Cir. 1987).

Plaintiff does not link any named Defendant to the alleged false disciplinary

5

report. Even if he had, no violation of his federal rights is claimed or apparent. Plaintiff does not challenge the disciplinary process and punishment imposed. He does not explain how a false disciplinary report, if there was one, was improperly motivated and harmed him. He has no independent due process right to an accurate prison record.

This claim fails.

### E. Injunctive Relief

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 22 (2008). To prevail, the party seeking injunctive relief must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." *Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc.*, 762 F.2d 1374, 1376 (9th Cir. 1985), quoting *Apple Computer, Inc. v. Formula International, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984); see *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-102 (1983) (plaintiff must show "real and immediate" threat of injury).

Litigants owe a duty to preserve evidence in a pending lawsuit even without discovery request or order. See *Kronisch v. United States* 150 F.3d 112, 130 (2d Cir. 1998); *Sensonics, Inc., v. Aerosonic Corp.*, 81 F.3d 1566, 1575 (Fed. Cir. 1996); *Silvestri v. General Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001). This applies only if the evidence is in the party's possession or control. *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 334 (3d Cir. 1995).

Plaintiff seeks an injunction that CSATF not destroy a "videotape of this incident." (Second Am. Compl., ECF No. 22, at 13:16.) However, Plaintiff has not demonstrated the existence of any videotape, Defendants' possession and control of it, and the threat of its destruction. Nothing suggests that named Defendants have or control a relevant videotape and threaten its destruction.

Plaintiff neither needs nor is entitled to injunctive relief relating to videotape evidence. Plaintiff may make an appropriate motion for preservation of evidence in the

1  possession or control of Defendants at the appropriate time should the need arise.

2  The claim fails.

3  **F.      Declaratory Relief**

4  "A declaratory judgment, like other forms of equitable relief, should be granted
5  only as a matter of judicial discretion, exercised in the public interest." *Eccles v. Peoples*
6  *Bank of Lakewood Village*, 333 U.S. 426, 431 (1948). "Declaratory relief should be
7  denied when it will neither serve a useful purpose in clarifying and settling the legal
8  relations in issue nor terminate the proceedings and afford relief from the uncertainty
9  and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353,
10 1357 (9th Cir. 1985).

11 In the event that this action reaches trial and the jury returns a verdict in favor of
12 Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated.
13 Accordingly, a declaration that Defendants violated Plaintiff's rights is unnecessary.

14 This claim fails.

15 **V.     CONCLUSIONS AND RECOMMENDATIONS**

16 The undersigned concludes that Plaintiff's Second Amended Complaint states an
17 excessive force claim against Defendants Leftler, Desousa and Aguayo, but no other
18 claim.

19 Based on the foregoing, it is HEREBY RECOMMENDED that:

20 1.    Plaintiff should proceed on the Second Amended Complaint excessive
21       force claim for damages against Defendants Leftler, Desousa and
22       Aguayo,
23 2.    All other claims asserted in the Second Amended Complaint and all other
24       named Defendants should be dismissed with prejudice,
25 3.    Service should be initiated on the following Defendants:
26       LEFTLER, CSATF Correctional Officer,
27       DESOUSA, CSATF Correctional Officer,
28       AGUAYO, CSATF Correctional Officer,

4.  The Clerk of the Court should send Plaintiff three (3) USM-285 forms, three (3) summons, a Notice of Submission of Documents form, an instruction sheet and a copy of the Second Amended Complaint filed October 15, 2013,

5.  Within thirty (30) days from the date of adoption of these Findings and Recommendations, Plaintiff should complete and return to the Court the notice of submission of documents along with the following documents:

    a.  Completed summons,
    b.  One completed USM-285 form for each Defendant listed above,
    c.  Four (4) copies of the endorsed Second Amended Complaint filed October 15, 2013, and

6.  Upon receipt of the above-described documents, the Court should direct the United States Marshal to serve the above-named Defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 18, 2014              /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE

8